*662 OPINION OF THE COURT
Stanley Parness, J.
Petitioners bring this CPLR article 78 proceeding to enjoin respondent’s amendment to section 2-225 of the Rules of the New York City Department of Consumer Affairs (Department) (6 RCNY 2-225) which established the "Home Improvement Business Trust Fund” (Trust Fund) as an alternative to home improvement contractors who choose not to furnish the bond required by section 2-225. The requirement for security was itself authorized by section 20-115 of the Administrative Code of the City of New York.
Petitioners are seven home improvement contractors who challenge the power of the respondent Commissioner to establish the Trust Fund as being beyond the authority delegated to him under section 20-115 of the Administrative Code. They separately challenge its validity as preempted by the State under article 36-A of the General Business Law. They assert this challenge for themselves as well as on behalf of other contractors similarly situated and seek leave to maintain a class action on behalf of all contractors.
Essentially, petitioners contend that section 20-115 limits the Commissioner and the Department of Consumer Affairs to require home improvement licensees to furnish only a traditional bond — a conclusion opposed by respondent.
The purpose for regulating home improvement contractors was to protect the public against contractors’ "deceptive, unfair and unconscionable practices” and to promote "honesty and fair dealing among persons and organizations engaging in licensed activities” (Administrative Code § 20-101). As further protection for the public, section 20-115 empowers the Commissioner to require licensees to provide a source from which victims of such unfair practices may receive recompense. This section read as follows: "Bonds. Except as specifically provided in chapter two, a bond may be required for any licensed activity in a form, and amount approved by the commissioner for the due observance of the provisions of chapter two and the laws, regulations and rules governing the conduct of licensed activities. The amount of the bond shall be established by the commissioner after a public hearing, five-day notice of which shall be published in the City Record.” (Emphasis supplied.)
This statute, it is noted, does not define the type and form of the bond required from home improvement contractors. The *663 statute specifically left the "form and amount” of the bond to the discretion of the Commissioner to be determined by him after public hearing. Initially the Commissioner required the posting of a traditional security bond. The amounts required were increased over the years from the initial $500 to the present $20,000.
Subsequently, respondents found that smaller contractors found it difficult or impossible to obtain a traditional bond from a bonding company and would have effectively been rendered unable to engage as home improvement contractors unless an alternative form of security were made available. Hence, the Commissioner conceived the Trust Fund concept and established it as an alternative to a traditional bond.
The Trust Fund’s original annual contribution of $150 was later increased to $500. It is the need for these increases which petitioners urge as evidence of the Fund’s inefficiency. Petitioner alleges that the payout of the Fund’s entire reserves to consumer claimants is reflective of the poor service provided by those smaller contractors which is due in part to their financial instability and that but for the availability of the Trust Fund, the public would have been spared poor service and depletion of the Trust Fund.
Such argument, however, being critical of fundamental administrative policy, is more properly addressed to the Department of Consumer Affairs rather than to the courts whose role is limited to review of the validity of the Trust Fund as a permitted alternative to the furnishing of a traditional type of bond as a condition for a home improvement contractor licensure.
It is evident from an analysis of section 20-115 that its intention was not to limit the Commissioner to the choice of a traditional bond as a condition of the license. This is evidenced from the provision therein that "a bond may be required for any licensed activity in a form and amount approved by the commissioner” (emphasis supplied). This discretionary language provides the Commissioner the latitude to select a form of bond other than the traditional type, said language being in contrast to the more restrictive provisions relating to junk dealers, auctioneers, etc. Thus, for example, the penal bond provisions covering junk dealers ($250); junk boat operators ($1,000) under Administrative Code, title 20, chapter 2, subchapter 10; auctioneers ($2,000), subchapter 13 thereof, all specifically mandate a bond with sureties, none *664 containing the discretionary wording “in a form and amount approved by the commissioner” found in section 20-115 of the Administrative Code relating to home improvement contractors. The Trust Fund as adopted, thus, is reasonably within the authority delegated to the Commissioner under the Administrative Code.
In view of its validity, application for refund of contributions to the Trust Fund is barred on the grounds stated as well as on the separate basis that such contributions constitute voluntary payments of a governmental exaction, without written protest or reservation of rights at the time of payment. As such, refund thereof is not recoverable. (City of Rochester v Chiarella, 58 NY2d 316, cert denied sub nom. Quality Packaging Supply Corp. v City of Rochester, 464 US 828; Kindermann Fireproof Stor. Warehouses v City of New York, 36 NY2d 831; Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, mot to amend remittitur granted 31 NY2d 678, rearg denied 31 NY2d 709, cert denied 414 US 829 [1973].) As no petitioner alleges any claim for refund based on duress, involuntary payment or protest when paid, application for refund on this ground must also be denied.
Neither is the Trust Fund preempted by article 36-A of the General Business Law. By that statute, the State regulated aspects of the home improvement industry but left standing all regulations of home improvement contractors established by “local law”. Since section 20-115 which authorizes a bond requirement is a "local law” and the Trust Fund is a form of such bond, it is clear that article 36-A of the General Business Law did not preempt local law nor exempt contractors from complying with the Department’s regulations which created the Trust Fund alternative to a traditional bonding.
Accordingly, petitioners’ application to declare the New York City Department of Consumer Affairs Home Improvement Business Trust Fund null and void and to recover their contributions is denied. The application to institute a class action to recover such contributions by other contractors similarly situated is also denied. The petition is dismissed.